# EXHIBIT A

WEEKS LAW FIRM PLLC
2223 E. Speedway Blvd.
Tucson, AZ 85719
Tel 520-318-1209
Fax 520-327-3118
weeks@weekslegal.com
Stephen M. Weeks, SBN 020726 PC 65471

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Enrique Montijo, an individual, | CASE NO. C20134044 |
| Plaintiff, | |
| vs. | |
| DIRECTOR Charles Ryan; John and Jane Does 1-20, in their individual and official capacities; ABC companies 1-10, | **COMPLAINT** (Civil Rights, Gross Negligence) JURY TRIAL DEMANDED |
| Defendants. | |
| | HON. Christopher P. Staring |

Plaintiff Enrique Montijo, by and through undersigned counsel, hereby alleges the following upon information and belief:

### PARTIES & JURISDICTION

1.    Plaintiff Enrique Montijo is a resident of Pima County, Arizona currently incarcerated in Florence, Arizona.

**EXHIBIT A**

2.    In July 2012, Plaintiff was an inmate under the care, custody, and control of the Arizona Department of Corrections (hereinafter "ADC").

3.    All Defendants were administrators, employees or contractors of the Arizona Department of Corrections at the time of the events complained of herein, and, on information and belief, all reside in Arizona.

4.    Defendant Ryan is the Director of ADC, and as such has authority to set policy and procedure for all ADC inmates, employees, and contractors.

5.    This Court has jurisdiction over the subject matter of this Complaint pursuant to Article 6 of the Arizona Constitution and Arizona Revised Statute § 12-123.

6.    All jurisdictional requirements have been met.

## STATEMENT OF FACTS

7.    On or about Friday, July 20, 2012, Plaintiff consumed food that was shared among four inmates: Plaintiff, Thomas Granillo, Hector Lopez, and Robert Aceves.

8.    The Arizona Department of Corrections (hereinafter "ADC") provided the botulism contaminated food.

9.    All food consumed by Arizona inmates housed in state prisons is provided by ADC.

10.    Food that was contaminated with botulism was given to Plaintiff and other prisoners by ADC.

- 2 -

11.   Plaintiff and three other inmates who consumed the food began to feel ill over the weekend of July 21 & 22, 2012.

12.   Plaintiff began experiencing symptoms on or about July 25, 2012 and reported it.

13.   Defendants failed to provide timely medical care, refusing to provide it unless one or more of the sickened inmates agreed to claim that they had consumed "hooch".

14.   From July 25 until July 29, 2012, Plaintiff complained to various ADC staff that he needed to go to the hospital and stated that it was an emergency.

15.   Between July 25 and August 2, 2012, Plaintiff's condition deteriorated, and included: general weakness, increasing difficulty breathing, chewing, swallowing, eating, walking, writing, and speaking.

16.   On information and belief, Plaintiff was denied access to a licensed physician until immediately before he was taken to the hospital.

17.   Between approximately July 25 - August 2, 2012, various correctional officers escorted Plaintiff to the medical unit and back to his cell without treatment.

18.   On or about August 2, 2012, Plaintiff was again taken to medical and was seen by unknown medical staff.

19.   On August 2, 2012, Plaintiff was taken to the hospital where he remained for

- 3 -

20.    Plaintiff incorporates all previous paragraphs herein by reference.

21.    Plaintiff asserts that Defendants, one or more, had a duty to ensure that the food given to ADC inmates is safe to eat.

22.    ADC's food was unsafe to eat and contaminated with botulism toxin.

23.    All food consumed by ADC inmates is provided by ADC.

24.    Therefore, Plaintiff asserts that under the doctrine of *res ipsa loquitur*, ADC must have breached its duty.

25.    Plaintiff states that he was injured by contracting botulism poisoning.

26.    Plaintiff states that this breach was the actual and proximate cause of his injuries.

27.    Defendants were grossly negligent in failing to provide timely treatment for the serious condition.

WHEREFORE, Plaintiff prays for relief as follows

1.    For actual damages, in an amount to be determined at trial,

2.    For compensatory damages, in an amount to be determined at trial,

3.    For punitive damages, in an amount to be determined at trial,

4.    For attorney's fees and costs, and

5.    Awarding such other and further relief as the Court deems just and proper under the circumstances.

- 4 -

1       DATED this 22<u>nd</u> day of_____July_____, 2013.

2           WEEKS LAW FIRM PLLC

3

4

5           Stephen M. Weeks, Esq.

            Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT  B

1  WEEKS LAW FIRM PLLC
2  2223 E. Speedway Blvd.
   Tucson, AZ 85719
3  Tel 520-318-1209
4  Fax 520-327-3118
   weeks@weekslegal.com
5  Stephen M. Weeks, SBN 020726 PC 65471

6
   Attorneys for Plaintiff
7

8       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9            **IN AND FOR THE COUNTY OF PIMA**

10

11  Enrique Montijo, an individual,        | **CASE NO. C20134044**

12              Plaintiff,

13  vs.
                                            | **FIRST AMENDED COMPLAINT**
14  DIRECTOR Charles Ryan; Unknown          | (Civil Rights, Gross Negligence)
    Zeravica, Sgt. Robinson, Unknown
15  Sanchez, Unknown Suarez, Unknown        | **JURY TRIAL DEMANDED**
    Swaney, Unknows Williams,
16  Unknown Bennett, Unknown Salas,
    Unknown Haynes, Unknown French,         | **HON. Christopher Staring**
17  Caron Grant, Unknown Pinson, John
    and Jane Does 1-20, in their individual
18  and official capacities; ABC
    companies 1-10,
19
              Defendants.
20

21       Plaintiff Enrique Montijo, by and through undersigned counsel, hereby

22  alleges the following upon information and belief:
23

24               **PARTIES & JURISDICTION**

25  1.   Plaintiff Enrique Montijo is a resident of Pima County, Arizona currently
26
         incarcerated in Florence, Arizona.

**EXHIBIT B**

2.  In July 2012, Plaintiff was an inmate under the care, custody, and control of the Arizona Department of Corrections (hereinafter "ADC").

3.  All Defendants were administrators, employees or contractors of the Arizona Department of Corrections at the time of the events complained of herein, and, on information and belief, all reside in Arizona.

4.  Defendant Ryan is the Director of ADC, and as such has authority to set policy and procedure for all ADC inmates, employees, and contractors.

5.  This Court has jurisdiction over the subject matter of this Complaint pursuant to Article 6 of the Arizona Constitution and Arizona Revised Statute § 12-123.

6.  All jurisdictional requirements have been met.

## STATEMENT OF FACTS

7.  On or about Friday, July 20, 2012, Plaintiff consumed food that was shared among four inmates: Plaintiff, Thomas Granillo, Hector Lopez, and Robert Aceves.

8.  The Arizona Department of Corrections (hereinafter "ADC") provided the botulism contaminated food.

9.  All food consumed by Arizona inmates housed in state prisons is provided by ADC.

10. Food that was contaminated with botulism was given to Plaintiff and other

- 2 -

prisoners by ADC.

11.   Plaintiff and three other inmates who consumed the food began to feel ill over the weekend of July 21 & 22, 2012.

12.   Plaintiff began experiencing symptoms on or about July 25, 2012 and reported it.

13.   Defendants Williams, Robinson, Zeravica, Unknown Salas, Unknown Gold, and Jane & John Does 2-5, failed to provide timely medical care, refusing to provide it unless one or more of the sickened inmates agreed to claim that they had consumed contraband, including home-made alcohol known as "hooch".

14.   From July 25 until July 29, 2012, Plaintiff complained to various ADC staff that he needed to go to the hospital and stated that it was an emergency, including Unknown French.

15.   Between July 25 and August 2, 2012, Plaintiff's condition deteriorated, and included: general weakness, increasing difficulty breathing, chewing, swallowing, eating, walking, writing, and speaking.

16.   On July 25, 2012, the Incident Command System (hereinafter "ICS") was activated, indicating a serious threat to health or property, and Plaintiff was taken to the medical unit inside the prison.  At the medical unit, Defendant Zeravica neglected the duty to ensure Plaintiff received adequate medical

- 3 -

1   care.

17.   The ADC staff at the medical unit, including Sgt. Robinson, accused Plaintiff of ingesting illegal drugs, and refused treatment unless Plaintiff admitted to taking drugs.

18.   Plaintiff volunteered a urine sample, which was taken and returned a negative result for all substances tested for.

19.   Unknown Haynes ordered a liquid diet for Plaintiff, stating, "that's all I can do for you."

20.   On or about July 25, 2012, on information and belief, Mr. Granillo was taken to the hospital where it was discovered that he was suffering from botulism poisoning. On information and belief, Mr. Granillo was placed in intensive care where his heart stopped beating on two separate occasions.

21.   On July 29, 2012, Plaintiff submitted a Heath Needs Request (hereinafter "HNR") complaining of fatigue, dizziness, vomiting, blurry vision, slurred speech, and difficulty chewing and swallowing.  Defendant Mainbridge, RN signed the HNR and responded that Plaintiff was resolved because Plaintiff had been sent to the hospital on 7/30/12.  Plaintiff was not taken to the hospital until 8/2/12.

22.   On July 29, 2012, another ICS was activated by the pod officer John Doe 1. On that day, Mr. Lopez, Plaintiff's cell mate, was taken out to the medical

-4-

1    unit. Mr. Doe 1 promised to return for Plaintiff, but never did.

2
3    23.    On July 30, 2012, Defendant CO Sanchez came to Plaintiff's cell and
4           immediately asked Plaintiff what was wrong.  Plaintiff explained to the best
5           of his ability while suffering from gradual paralysis from the botulism
6           poisoning. Defendant Sanchez said she would get help, but never returned.
7
8    24.    On July 30, 2012, Defendant Suarez came to Plaintiff's cell and Plaintiff
9           asked to be seen by medical.  Defendant Suarez left and returned, saying that
10          medical had already seen Plaintiff, and Plaintiff had received treatment.
11
12   25.    On July 31, 2012, Plaintiff submitted another HNR, complaining of difficulty
13          breathing, drinking, and eating.
14
15   26.    On July 31, 2012, Plaintiff informed Defendant Vangundy that he was sick,
16          Vangundy saw him choking, and called for medical staff.   Defendant
17          Vangundy failed to obtain adequate medical care for Plaintiff at that time.
18
19   27.    Plaintiff was seen by Defendant CO Williams, who insisted that Plaintiff
20          admit to using drugs as a condition of being treated.
21
22   28.    Plaintiff lied to Williams and said that he drank hooch, hoping to get
23          treatment.
24   29.    Plaintiff was seen by Defendant CO Bennett, who said he would try to get
25          help for Plaintiff, and later reported that "nobody wanted to help [Plaintiff]".
26
     30.    Defendant Sgt. Swaney also told Plaintiff that medical did not want to help

Plaintiff, and denied Plaintiff's request to speak to someone with greater authority.

31. Other inmates repeatedly shouted and asked correctional officers to help Plaintiff.

32. On information and belief, Plaintiff was denied access to a licensed physician until immediately before he was taken to the hospital.

33. Between approximately July 25 - August 2, 2012, various correctional officers escorted Plaintiff to the medical unit and back to his cell without treatment.

34. On or about August 2, 2012, Plaintiff was again taken to medical and was seen by unknown medical staff.

35. On August 2, 2012, Plaintiff was taken to the hospital where he remained for an extended period of time to treat the botulism.

36. Plaintiff used the administrative grievance system to complain about the lack of adequate medical care. Plaintiff's requests for remedies were denied by Defendants Caron Grant and Ryan.

37. Defendant Pinson attempted to interfere with Plaintiff's administrative grievance process by giving incorrect information to Plaintiff, and by directing Plaintiff's grievance documents to the wrong authority.

38. Defendant Ryan falsely stated that Plaintiff admitted to drinking hooch, that

- 6 -

Plaintiff's delay in admitting to drinking hooch was the cause of the delay in medical treatment, and that Plaintiff was completely recovered by October 23, 2012.

## COUNT I - Gross Negligence

39.   Plaintiff incorporates all previous paragraphs herein by reference.

40.   Plaintiff asserts that Defendants, one or more, had a duty to ensure that the food given to ADC inmates is safe to eat.

41.   ADC's food was unsafe to eat and contaminated with botulism toxin.

42.   All food consumed by ADC inmates is provided by ADC.

43.   Therefore, Plaintiff asserts that under the doctrine of *res ipsa loquitur*, ADC must have breached its duty.

44.   Plaintiff states that he was injured by contracting botulism poisoning.

45.   Plaintiff states that this breach was the actual and proximate cause of his injuries.

46.   Defendants were grossly negligent in failing to provide timely treatment for the serious condition.

## COUNT II - DELIBERATE INDIFFERENCE

47.   Plaintiff incorporates all previous paragraphs herein by reference.

48.   Defendants are liable under the Eighth and Fourteenth Amendments to the U.S. Constitution for failure to adequately train ADC employees. Specifically, the

Defendants have a custom or policy of deliberate indifference in regards to the medical needs of citizens that are in the care, custody, and control of ADC.

49. Defendants' training procedure is not adequate to recognize obvious medical needs of inmates.

50. Defendants were aware that Plaintiff had a serious health problem.

51. Plaintiff alerted Defendants to his health problem via Plaintiff's HNRs, as well as verbal complaints made by Plaintiff directly to various Defendants.

52. Other inmates repeatedly tried to get the Defendants' attention. They screamed, banged on their cell doors, and otherwise asked the officers for assistance for Plaintiff and the other ill inmates.

53. All Defendants who saw Plaintiff or read his HNRs and grievances between July 25 and August 2, 2012 knew or should have known that Plaintiff required urgent medical care.

54. All Defendants who saw Plaintiff or read his HNRs and grievances between July 25 and August 2, 2012 knew or should have known that Plaintiff needed to see a licensed physician capable of conducting an appropriate differential diagnosis.

55. In accordance with their custom and policy, Defendants ignored Plaintiff and the other inmates' pleas for help.

56. In fact several Defendants called Plaintiff names and accused him of malingering, and consuming contraband.

- 8 -

57. Plaintiff states that these customs and polices were in violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285 (1976).

58. As a result of Defendants' deliberate indifference, he suffered from the effects of the toxin longer than necessary, feared for his life, and will continue to suffer physical and emotional effects longer into the future than if he had received proper medical care.

WHEREFORE, Plaintiff prays for relief as follows

1.    For actual damages, in an amount to be determined at trial,

2.    For compensatory damages, in an amount to be determined at trial,

3.    For punitive damages, in an amount to be determined at trial,

4.    For attorney's fees and costs, and

5.    Awarding such other and further relief as the Court deems just and proper under the circumstances.

DATED this 20th day of September, 2013.

WEEKS LAW FIRM PLLC

Stephen M. Weeks, Esq.
Attorneys for Plaintiff

- 9 -

# EXHIBIT  C

*Montijo v. Ryan, et al.*
**Case No. C20134044 (Pima County Superior Court)**

### INDEX OF STATE COURT FILINGS

| No. | Date Filed | Description of Filing |
|-----|-----------|----------------------|
| 1 | 07/22/13 | Complaint |
| 2 | 07/22/13 | Certificate of Compulsory Arbitration |
| 3 | 09/20/13 | First Amended Complaint |
| 4 | 09/30/13 | Civil Summons to Defendant Ryan |
| 5 | 09/30/13 | Civil Summons to Defendant Suarez |

3580650

**EXHIBIT C**

# ATTACHMENT  1

# SEE EXHIBIT A

**ATTACHMENT 1**

# ATTACHMENT 2

| | |
|---|---|
| 1 | WEEKS LAW FIRM PLLC |
| 2 | 2223 E. Speedway Blvd. |
| | Tucson, AZ 85719 |
| 3 | Tel 520-318-1209 |
| 4 | Fax 520-327-3118 |
| | weeks@weekslegal.com |
| 5 | Stephen M. Weeks, SBN 020726 |
| 6 | Attorneys for Plaintiff |

*COPY*

*2 2 2013*

*TONI L. HELLON*
*CLERK, SUPERIOR COURT*

7

### IN THE UNITED STATES DISTRICT COURT

8

### FOR THE DISTRICT OF ARIZONA

9

| | |
|---|---|
| 10 | Enrique Montijo, an individual, |
| 11 | Plaintiff, |
| 12 | vs. |
| 13 | DIRECTOR Charles Ryan; John and Jane Does 1-20, in their individual and official capacities; ABC companies 1-10, |
| 14 | |
| 15 | Defendants. |
| 16 | |

CASE NO. **C20134044**

**CERTIFICATE OF COMPULSORY ARBITRATION**

HON. Christopher P. Staring

17  The undersigned certifies that he knows the dollar limits and any other

18
19  limitations set forth by the local rules of practice for the applicable superior court,

20  and further certifies that this case *is not* subject to compulsory arbitration, as

21  provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

22  DATED this 22ʳᵈ day of July , 2013.

23

24  WEEKS LAW FIRM PLLC

25

26  Stephen M. Weeks
Attorneys for Plaintiff

**ATTACHMENT 2**

# ATTACHMENT 3

# SEE EXHIBIT B

ATTACHMENT 3

# ATTACHMENT  4

## ARIZONA SUPERIOR COURT PIMA COUNTY

| | |
|---|---|
| ENRIQUE MONTIJO, an individual<br><br>        Plaintiffs,<br><br>vs<br><br>DIRECTOR CHARLES RYAN; John and Jane Does 1-20, in their individual and official capacities; ABC companies 1-10,<br><br>        Defendants. | CASE NO. C20134044<br><br><br>CIVIL SUMMONS<br><br><br><br>HON. CHRISTOPHER STARING |

THE STATE OF ARIZONA to the above-named **Defendant** CHARLES RYAN:

ARIZONA DEPARTMENT OF CORRECTIONS
1601 WEST JEFFERSON STREET
PHOENIX AZ 85007-3056

I.      A lawsuit has been filed against you.

II.      If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress Drive, Tucson Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the attorney whose name appears below.

III.      The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV.      Requests for reasonable accommodation for persons with disabilities must be made to the Court by parties at least three (3) working days in advance of a scheduled Court proceeding.

V.      This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.

DATED:_____

          SEP 3 0 2013

                                      CLERK OF THE SUPERIOR COURT

                                      SCOTT V PETERSEN

                                      BY:_____
                                                      Deputy Clerk

**Stephen Weeks, ESQ.**
Weeks Law Firm PLLC
2223 E. Speedway Blvd.
Tucson, Arizona 85719
(520) 318-1209
State Bar #020726 / PCC No. 65471
Attorney for Plaintiff

**ATTACHMENT 4**

# ATTACHMENT 5

ARIZONA SUPERIOR COURT PIMA COUNTY

| ENRIQUE MONTIJO, an individual<br><br>Plaintiffs,<br><br>vs<br><br>DIRECTOR CHARLES RYAN; John and Jane Does 1-20, in their individual and official capacities; ABC companies 1-10,<br><br>Defendants. | CASE NO. C20134044<br><br>CIVIL SUMMONS<br><br><br>HON. CHRISTOPHER STARING |
| --- | --- |

THE STATE OF ARIZONA to the above-named **Defendant** COIII SUAREZ, BADGE NO 1770:

ARIZONA DEPARTMENT OF CORRECTIONS
ASPC/EYMAN COMPLEX-SMU1
1305 E BUTTE
FLORENCE AZ 85132

I.    A lawsuit has been filed against you.

II.   If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress Drive, Tucson Arizona 85701, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the attorney whose name appears below.

III.  The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV.   Requests for reasonable accommodation for persons with disabilities must be made to the Court by parties at least three (3) working days in advance of a scheduled Court proceeding.

V.    This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.

DATED:_____          CLERK OF THE SUPERIOR COURT

SEP 3 0 2013                            SCOTT V. PETERSEN

                                        BY: _____
                                              Deputy Clerk

**Stephen Weeks, ESQ.**
Weeks Law Firm PLLC
2223 E. Speedway Blvd.
Tucson, Arizona  85719
(520) 318-1209
State Bar #020726 / PCC No. 65471
Attorney for Plaintiff

**ATTACHMENT 5**